IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BOBBY LEE COIL,

                                                                                  OPINION AND ORDER

                        Plaintiff,

v.                                                                               11-cv-468-slc

WSPF Warden T. HAINES,
S. DIRECTOR, UNIT MNGR,
ALPHA, ALL WSPF MEDICAL STAFF,
DR. ROLLI, DOC SECRETARY,
CRISIS WORKERS, ALL WSPF
& MADISON PSU (JOHN DOES)

                        Defendants.
_____

       Plaintiff Bobby Lee Coil, a prisoner at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin, alleges that the defendants were deliberately indifferent to his mental health needs. Plaintiff asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit that plaintiff has given the court, it concludes that he is unable to prepay the full fee for filing this lawsuit. Plaintiff has made the initial partial payment of $1.33 required of him under 28 U.S.C. § 1915(b)(1).

       The next step is determining whether plaintiff's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because his complaint does not comply with Fed. R. Civ. P. Rule 8, I am dismissing his complaint without prejudice and giving him an opportunity to amend his complaint and resubmit it if he wishes. Plaintiff's motions for appointment of counsel and to move to another institution will not be addressed until he files an amended complaint.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes these facts that plaintiff alleges in his complaint:

- Plaintiff is an inmate at the Wisconsin Secure Program Facility, and the defendants are employed by WSPF or the Department of Corrections.

- The defendants have subjected plaintiff to cruel and unusual punishment.

- Defendants "deliberately and maliciously continued to violate [plaintiff's] mentally ill status."

- Defendants ignored plaintiff's psychological issues and were deliberately indifferent to them.

- The employees at WSPF have subjected plaintiff to extremely cold temperatures.

- Defendants' deliberate indifference to plaintiff's mental illness has made it worse and he has tried to kill himself several times.

OPINION

Fed. R. Civ. P. Rule 8 requires that a complaint set forth (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Pursuant to Rule8(d), each allegation must be simple, concise, and direct.

In this case, plaintiff's factual allegations are conclusory and vague. For example, he alleges that all of the defendants were aware of his mental health needs; however, he does not name individual defendants or the actions that they took that constitute deliberate indifference.

2

The caption lists all WSPF Medical Staff, Crisis Workers and all WSPF and Madison PSU instead of naming individuals. In addition, he alleges that he was denied treatment for his mental health issues, but does not allege (1) a specific, serious medical need for medical treatment; (2) when or what treatment was needed; or (3) who denied him treatment.

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8. At a minimum, this amended complaint should enable someone reading the complaint to answer the following questions:

(1) What was plaintiff's serious mental health need?

(2) How did each individual defendant act to be deliberately indifferent to this medical need?

(3) Which individuals subjected him to extremely cold temperatures?

Plaintiff should list in his caption the individual named defendants that he wishes to sue. In the body of the complaint, he should allege the actions taken by these individual defendants.

Plaintiff will have until **November 23, 2011** to file an amended complaint that complies with Rule 8 and this opinion and order. If plaintiff does this, the court will take the amended complaint under advisement for screening of his dismissed claims pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to respond to this order by November 23, 2011, the case will be closed.

ORDER

IT IS ORDERED plaintiff's complaint is dismissed without prejudice for his failure to comply with Fed. R. Civ. P. Rule 8. Plaintiff may have until November 23, 2011, in which to file an amended complaint that complies with Rule 8. If plaintiff fails to file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 2nd day of November, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge